# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4610-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NELSON GOMEZ,

    Defendant-Appellant.

_____

Submitted July 23, 2018 — Decided August 3, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Indictment No.
09-05-1146.

Joseph E. Krakora, Public Defender, attorney
for appellant (Suzannah Brown, Designated
Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County
Prosecutor, attorney for respondent (Mary R.
Juliano, Assistant Prosecutor, of counsel and
on the brief; Emily M. M. Pirro, Legal
Assistant, on the brief).

PER CURIAM

Defendant Nelson Gomez appeals from the February 28, 2017 order denying of his petition for post-conviction relief (PCR) without an evidentiary hearing.  After considering the relevant facts in light of the applicable legal principles, we affirm.

On May 29, 2009, defendant was indicted and charged with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) stemming from allegations he sexually abused six year old N.B.

A number of lawyers represented defendant throughout the proceedings.  At least one lawyer, Barry Shapiro, filed motions for <u>Miranda</u>[1] and N.J.R.E. 803(c)(27) hearings, and in March 2010 sent discovery requests to the State.  In May 2010, John Goins became defendant's lawyer.

On September 27, 2010, defendant withdrew his pretrial motions and on October 13, 2010, defendant entered a guilty plea to the first count of the indictment, amended to second-degree sexual assault, N.J.S.A. 2C:14-2(b).  In exchange, the State recommended the dismissal of the second count, a sentence of eight years, with an eighty-five percent period of parole ineligibility, Megan's Law consequences, parole supervision for life, no victim

---

[1]  <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

contact, and restitution. The judge questioned defendant thoroughly about the plea form, including the portions about Megan's Law and parole supervision for life, ensured he understood his right to a trial, and he was not coerced into accepting the plea agreement. Defendant testified he touched the chest of a young girl, between the age of six and thirteen, outside of her clothing in order to sexually gratify himself. The court accepted defendant's guilty plea.

On March 21, 2011, Christopher Campbell substituted as defendant's attorney and moved to withdraw the guilty plea, arguing defendant's prior attorneys were ineffective for their failure to file motions, and defendant's plea allocution was deficient. These motions were heard by the Honorable Jamie Perri, J.S.C., in May 2011.

After reviewing the plea transcript, Judge Perri confirmed the defendant was not under the influence of drugs or alcohol, entered the plea agreement voluntarily, and free of any force, coercion, or threats. The judge examined defendant in detail regarding his understanding of the plea agreement, and his acknowledgment under oath that he had read and understood the terms of the plea agreement and had entered the agreement freely. Further, defendant reviewed the plea agreement with his attorney and indicated his satisfaction with his attorney's services. Judge

Perri found defendant pointed to no colorable facts supporting his claim of innocence, State v. Slater, 198 N.J. 145, 157-58 (2009). Defendant's previous attorneys had prepared and filed motions and thus his claim of ineffective assistance was without support, the existence of a plea bargain weighed against withdrawal, and the withdrawal of the plea would force a young child to testify. Lastly, Judge Perri rejected defendant's argument regarding his plea allocution, finding the judge's use of the word "chest" instead of the statutory language "breast" was "nothing more than semantics." As such, she denied defendant's motion to withdraw his plea and sentenced defendant in accordance with the plea agreement.

On October 16, 2015, defendant filed a pro se petition for PCR. After PCR counsel entered an appearance, defendant filed an amended petition in October 2016 asserting prior lawyers were ineffective for their failure: (1) to investigate the case, (2) to obtain DCPP records, (3) to file various motions, and (4) advise defendant of the consequences of the plea. Defendant also asserted his petition was not procedurally barred by Rule 3:22-4 because there was not a sufficient record from which to make a direct appeal.

On February 17, 2017, the Honorable Joseph W. Oxley, J.S.C., heard oral argument on the petition, and denied defendant's

4

petition in a February 28, 2017 written decision addressing all defendant's arguments and denying defendant's petition. He found defendant's claims procedurally barred by <u>Rules</u> 3:22-4 and 3:22-5 because defendant had raised the same arguments during his motion to withdraw his guilty plea, Judge Perri determined the ineffective assistance of counsel claims at that time, and fundamental injustice would not result because defendant knowingly and voluntarily entered into the plea. Despite finding defendant's claims were procedurally barred, Judge Oxley also denied defendant's PCR claims on their merits.

This appeal followed. We review the PCR judge's legal conclusions under a de novo standard. <u>State v. Harris</u>, 181 N.J. 391, 415-16 (2004) (citing <u>Toll Bros. v. Twp. of W. Windsor</u>, 173 N.J. 502, 549 (2002)). We review a PCR petition with deference to the trial court's factual findings. <u>State v. Nash</u>, 212 N.J. 518, 540 (2013) (citations omitted). We "give deference to those findings of the trial judge which are substantially influenced by his opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." <u>State v. Elders</u>, 192 N.J. 224, 244 (2007) (quoting <u>State v. Johnson</u>, 42 N.J. 146, 161 (1964)).

To prevail on a claim of ineffective assistance of counsel, defendant must satisfy the two-prong Strickland[2] test: (l) counsel's performance was deficient, and he made errors that were so egregious counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987).

Under the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. The court must determine whether the acts or omissions of counsel "were outside the wide range of professionally competent assistance." Ibid. Adequate assistance of counsel must be measured by a standard of "reasonable competence." State v. Jack, 144 N.J. 240, 248 (1996) (citing Fritz, 105 N.J. at 53).

Under the second prong of Strickland, defendant must prove prejudice. Fritz, 105 N.J. at 52. He must show a "reasonable probability" that counsel's deficient performance affected the outcome of the proceeding. Strickland, 466 U.S. at 694. A

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."  Ibid.  Applying these standards, and having undertaken a thorough review of the record and having considered the arguments raised, we affirm for the reasons expressed by Judge Oxley in his through written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION